UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN D. MORRIS,** ) | **CASE NO. 5:04CV2317** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **FIDELITY AND DEPOSIT CO. OF** ) | **OPINION AND ORDER** |
| **MARYLAND, etc., et al.** ) | |
| **Defendants**. ) | |
| ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion of Defendant Fidelity and Deposit Company of Maryland ("Fidelity") to Sever; the Motion of Defendant Consumers National Bank ("CNB") to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, for Denial of Joinder; and the Motion of Plaintiff John D. Morris to Remand. For the reasons that follow, this Court concludes that there is no federal-question jurisdiction; that diversity jurisdiction no longer exists; and that the captioned matter, therefore, shall be remanded to the Stark County Court of Common Pleas in accordance with 28 U.S.C. §§ 1447(c) and (e).

## I.  FACTUAL BACKGROUND

On October 18, 2004, Plaintiff Morris, an Ohio resident, initiated his state court complaint for Declaratory Judgment against Fidelity, a Maryland corporation, seeking coverage under a Directors and Officers Liability Policy issued by Fidelity to CNB for a disciplinary action brought against Morris before the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.  On November 22, 2004, Fidelity removed this matter to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1332.  Fidelity asked Morris to stipulate to an extension of time within which to plead to the complaint; and Morris consented.  Fidelity asked Morris to provide a quote of his defense costs expended to date and suggested that coverage would not be triggered if the costs did not exceed the self-insured retention ("SIR") of $25,000 in the policy.  On January 5, 2005, Morris amended his complaint to join CNB, an Ohio resident, and to add counts claiming breach of an employment contract as well as indemnification arising out of CNB's Articles of Incorporation and Code of Regulations.  No leave of Court was required since no responsive pleading had yet been filed.  Fidelity filed its Answer and Counterclaim on January 20, 2005 and did not raise improper joinder as a defense.  CNB filed its Motion to Dismiss or for Denial of Joinder on February 16, 2005.

## II.  LAW AND ANALYSIS

**REMOVAL AND REMAND**

Removal is governed by 28 U.S.C. § 1441, et seq. and the Supreme Court has cautioned lower courts to construe the removal statutes narrowly, with due consideration of the powers

"reserved to the primary repositories of American judicial power: state courts." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F. 3d 754, 757 (6th Cir. 1996). Absent diversity of citizenship, federal-question jurisdiction is required. *Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987). Diversity of citizenship exists under 28 U.S.C. § 1332 only when no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000. *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

Section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(e) provides : "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A decision whether to permit or deny joinder is discretionary and turns not on the indispensability of the party sought to be joined; but rather the fairness of allowing joinder after removal. *Farver v. Glaxo Wellcome Inc.*, 181 F. Supp. 2d. 781 (N.D. Ohio, Dec. 14, 2001)(NO. 3:01CV7103); *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich., 1997).

In the instant matter, Morris' Declaratory Judgment action based upon Fidelity's Directors and Officers Liability Policy is purely a contract dispute which does not raise a federal question. Morris filed his Amended Complaint, adding a non-diverse defendant, before a responsive pleading was filed and less than two months after the case was removed to federal court. Morris has shown

a good faith belief that the indemnification provisions of the policy and the Articles of Incorporation of CNB are implicated by the Amended Complaint and Fidelity's Counterclaim.  Further, Morris can be accorded full relief if CNB is a party and will be able to litigate in one forum, rather than in a piecemeal fashion, in state and federal court.  Moreover, in this Court's view, defendants have not expended so much time, energy and resources at the federal level that remand would cause them prejudice or undue delay.

### III.  CONCLUSION

Therefore, it is the holding of this Court that no federal-question jurisdiction exists; that joinder shall be permitted; that diversity jurisdiction no longer exists; that Fidelity's Motion to Sever is denied; that CNB's Motion to Dismiss, or alternatively, for Denial of Joinder is denied; and that Morris' Motion to Remand is granted.  The captioned case is remanded to the Common Pleas Court of Stark County, Ohio.

**IT IS SO ORDERED**.

**DATE**: 5/16/05

/s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)